MEADER, TRUSTEE v. ROOT, EXECUTRIX.

1. TAKING DEPOSITIONS ANTICIPATING DEATH OF WITNESS.

It is competent for a party to a suit to protect himself against the contingency of the death or the absence of a witness at the time of trial by taking his deposition at any time, and the reason for so doing need not appear in the deposition itself.

2. APPEALS—ACTION TO COMPEL ALLOWANCE OF CLAIMS.

An action under section 6352 against a trustee for allowance of a claim is appealable and a jury cannot be demanded.

3. JURISDICTION.

A majority of the court holds that a suit to compel the allowance of a claim by a trustee may be brought in other courts than the probate, in which the proceedings under the assignment are pending.

SMITH, J.

The plaintiff in error in this proceeding seeks the reversal of a judgment rendered against him in the superior court for the reasons, as alleged, that the court erred in overruling his motion for a new trial, based on the ground that the finding and judgment of the court was against the weight of the evidence, and for errors of law occurring at the trial.

The action below was one by the plaintiff, *William J. Root* v *Meader, Trustee*, averring his employment by the Blymyer Ice Machine Co., as assistant superintendent of the company, for one year from December 1, 1890, at a salary of $3,500; that he entered upon said employment and so continued from December 1, 1890, until August 7, 1891, when the company made an assignment for the benefit of its creditors; that the plaintiff continued to be ready and willing to discharge the duties of his employment, but the assignee and trustee refused and failed to allow him to do so; that he was paid by said company on his salary $2,235, and no more, whereby he has been damaged in the sum of $1,265, with interest from December 1, 1891; that he duly proved and presented his claim to Meader, trustee, for allowance, and that he rejected the same, and he asks that the said trustee may be ordered to allow the same in the settlement of his trust.

The answer denies the employment of the defendant for one year as claimed. It avers that he was fully paid for his services, and that about July 14, 1891, the said company made an assignment for the benefit of its creditors, and did not thereafter within a year from November 11, 1890, resume business; that at the time of the assignment all the officers and employees of the company were discharged, and all of them acquiesced therein. It admits the presentation and rejection of plaintiff's account, and denies each and every other averment of the petition. The reply denied those averments of new matter.

On the issues thus raised the case was tried, and a decree entered as prayed for. A motion for a new trial was filed by the defendant and overruled by the court, and a bill of exceptions filed containing all the

evidence in the case, with exceptions to certain rulings by the court at the trial, and on this the questions are raised.

In the first place we are of the opinion that the court did not err in overruling the motion for a new trial, based on the ground that the finding was against the evidence.

2d. At the trial the executrix of the will of Wm. J. Root, who, on the death of the original plaintiff, had been substituted as plaintiff in his stead, offered in evidence the deposition of said Wm. J. Root, taken in the case after the service of process on the defendant, at the taking of which the defendant was present by his counsel. The defendant at the trial objected to its introduction, on the ground that Root was dead and that at the time the deposition was taken the witness was ·a resident of this county, and that the deposition itself did not show that he was sick or unable to be in court then, or that he expected to be absent from the county at the time of the trial of the cause. It was then shown by the evidence of a witness, over the objection of the defendant, that, when the deposition was taken, the plaintiff was sick, and was about to leave the state.

But we think it was not necessary to do this. Under section 5266, Revised Statutes, "either party may commence taking testimony by deposition at any time after service upon the defendant." By section 5265, a deposition can be used only when the witness does not reside in, or is absent from the county in which the action is pending, or when the witness is dead, or from age, infirmity or imprisonment is unable to attend court. It was conceded in this case that the witness was dead, and therefore his deposition properly taken was admissible, and we are of the opinion that it is entirely competent and proper for a party to a suit, who for any reason desires to take the deposition of a witness resident of the county, to do so, and that it is not necessary that any reason therefor appear in the deposition itself. A party has a right to protect himself against the contingency of the death, or absence at the time of trial of his witness. Of course, if at the time of trial, the witness is in the county and his presence at the trial can be had, the deposition cannot be used, and the party taking it cannot have the cost thereof taxed as a part of the costs in the case. But in this case, an indorsement was made on the deposition, signed by the attorneys of the parties to this effect. It was agreed that the testimony of the plaintiff should be taken in shorthand and the notes signed by the witness, and the signature to the deposition waived, and that the notes, when transcribed, should be read as the evidence of the witness. This was a waiver on the part of plaintiff in error of the points now raised by him.

But the principal contention of counsel for plaintiff in error is, that before the commencement of the trial, he demanded a trial of the issue raised by the pleadings, by a jury, and that the court refused to grant his motion therefor.

The action or proceeding was one under section 6352, Revised Statutes, seeking judgment against the trustee of this insolvent estate, that he allow the claim of the plaintiff in the settlement of his trusts, which the statute authorized the court to do, with or without costs as it should think right. It was not sought to recover a judgment against the trustee or the assignor, for the amount of the claim. The plaintiff· might, notwithstanding the assignment have sued the company, and if the facts warranted, have recovered a judgment for the amount found to be due him. In such case clearly either of the parties would have been entitled

to a trial by jury. But the action or proceeding which is provided for by the section under consideration is a special one, and in its character an equitable one. It has been held in two of the circuit courts of the state to be appealable. *Gordon* v. *Walcott*, 2 C. D., 246, and *Kennedy* v. *Thompson*, 2 C. D., 254, and, therefore, that the parties are not entitled to a trial by jury. If this be so, and the legislature had the right to pass such a law, as we think it had, there was no error in the ruling complained of.

In the examination of this question another question has arisen as to which we have some doubts. And that is, whether on the language of the statute itself—looked at in the light of several decisions of the supreme court—the court of common pleas or any court other than probate court, in which the proceedings under the assignment are pending, has jurisdiction of the " *suit* " contemplated and provided for in this section 6352—that is, whether the court which is to render the judgment that the assignee or trustee shall allow or disallow the claim presented is not the same court in which, by the terms of the subsequent part of the same section, the assignee is to file his report of the claims presented to him for allowance, etc., which evidently refers to the probate court in which the assignment proceedings are pending.

It must be conceded that several of the recent decisions of the supreme court of the state give some force and color to this idea. They seem to extend the exclusive jurisdiction of the probate court in assignment proceedings much further than was formerly supposed to be the case. The effect of them seems to be that the probate court, in the first instance, has the exclusive right to settle all questions which may arise as to the proper distribution of the estate of an insolvent, when there are conflicting liens thereon or claims thereto, and for this purpose is authorized to have and determine all controversies between the holders of such claims as to their validity and priority. This seems to be fully settled by the decisions in the cases of *Lindaman* v. *Ingham*, 36 O. S., 1 ; *Sayler* v. *Simpson*, 45 O. S., 141, and *Clapp* v. *The Banking Co.*, 50 O. S., 126.

This being so, the question has arisen whether it was not the intent of the legislature, in the passage of this particular section under consideration, to enact that it was the probate court in which the " suit" mentioned therein was to be brought, and the judgment in which was to determine whether the claim rejected by the assignee should or should not be allowed. There certainly could, in the light of the decisions referred to, be no valid claim made that such power could not legally be conferred upon such court. But a majority, at least, of this court is of the opinion that such was not the meaning and intention of the legislature—and what seems a patent argument in favor of this view is the fact, that so far as our knowledge extends, it has been the settled and accepted view of the courts and of the profession that such suits were to be brought in a court of general jurisdiction—that is, in the court of common pleas, or in the superior court of a county or city in which such a court exists—and that uniformly since the enactment of this provision, more than thirty years ago, such suits have been instituted in such courts, and not in the probate court in which the proceedings in assignment were pending, and that the jurisdiction of such courts in such cases, so far as any reported case shows, has never been questioned. The maxim, " *communis error facit jus*," when applied in such a case is entitled to weight.

But however this may be, we all think that in view of this consensus of opinion, and in view of the holding of the supreme court in other cases, one of which was decided after the decision in the *Sayler* v. *Simpson* case, in which the court reviewed judgments rendered by the court of common pleas, and by the superior court of Cincinnati, in cases commenced in those courts under this section, and in which there is no intimation that such courts had not jurisdiction in such cases, that it would be unwise in us to hold now that they had no such jurisdiction. The cases referred to are those of *Owens* v. *Ramsdell*, 33 O. S., 439 ; *Rouse* v. *The Bank*, 46 O. S., and *Clapp* v. *Banking Co.*, 50 O. S., 528. In the first named case an action of this character had been brought in the court of common pleas and the judgment was in favor of the defendant, which was affirmed by the district court ; but both judgments were reversed by the supreme court, and the cause remanded to the court of common pleas for a new trial, thus, in effect, upholding the right of the plaintiff to sue in the common pleas.

In the Rouse case (46 O. S.), the action was brought in the superior court of Cincinnati, under this section, to compel the assignee to allow a claim and establish its priority, both of which things were done by the judgment of the superior court. On error to the supreme court (page 509) the court say, that "no serious objection is made here to so much of the judgment of the court below as establishes the amount of the plaintiff's claim, and requires the assignee to allow the same in the administration of his trust, and to that extent the judgment is affirmed. But the judgment establishing the validity of the mortgage and giving it priority over the assignment is reversed, and judgment will be entered upon that branch of the case for the trustee."

In the case of Clapp, 50 O. S., 528, the court cites and approves the decision in 33 O. S., 439, before referred to.

The judgment of the superior court in this case will be affirmed with costs.

*Paxton, Warrington & Boutet*, attorneys for Plaintiff in Error.

*Aaron A. Ferris*, attorney for Defendant in Error.